IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03279-LTB

DAMIAN J. CAMPOS,

    Applicant,

v.

JAMES FALK, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER TO DISMISS IN PART

    Applicant, Damian J. Campos, is a prisoner in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated at the Sterling Correctional Facility in Sterling, Colorado. Mr. Campos initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on December 14, 2011. Mr. Campos is challenging the validity of his conviction and sentence in Case No. 05CR0857 in the District Court for Weld County, Colorado.

    In an order filed on December 19, 2011, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses. On January 9, 2012, prior to receiving the Pre-Answer Response, Mr. Campos filed a document titled "Applicant's Pre-Answer Response with Information

to his Case." After receiving an extension of time, Respondents submitted a pre-answer response on January 19, 2012. Mr. Campos did not file a Reply to the Pre-Answer Response. The Court will treat the document Mr. Campos filed on January 9, 2012, as his Reply.

The Court must construe liberally the Application filed by Mr. Campos because he is not represented by an attorney. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a pro se litigant. See Hall, 935 F.2d at 1110. For the reasons stated below, the Application will be dismissed in part.

## I. Background and State Court Proceedings

On March 16, 2006, a jury found Mr. Campos guilty of vehicular homicide while driving in a reckless manner, and leaving the scene of an accident resulting in death. Pre-Answer Resp. at 2. On June 12, 2006, the trial court sentenced Mr. Campos to consecutive sentences of 10 and 12 years. Id. at 2-3. Mr. Campos filed a direct appeal of his convictions to the Colorado Court of Appeals. On November 21, 2007, the appellate court affirmed the judgment and conviction. See People v. Campos, No. 06CA1400 (Colo. App. Nov. 21, 2007) (unpublished opinion). The Colorado Supreme Court denied certiorari review on March 10, 2008. Pre-Answer Resp. at 3.

On April 23, 2008, Mr. Campos filed a pro se motion for post-conviction relief pursuant to Colorado Rule of Criminal Procedure 35(c). Id. at 3. The trial court appointed counsel for Mr. Campos, and counsel filed a supplement motion on April 16, 2009. Id. at 4. After a hearing, the trial court denied the 35(c) motion on August 24, 2009. Id. at 4. Mr. Campos filed an appeal and the Colorado Court of Appeals affirmed

the trial court on January 11, 2011. See *People v. Campos*, No. 09CA2073 (Colo. App. Jan. 13, 2011) (unpublished opinion). The Colorado Supreme Court denied certiorari review on May 9, 2011. Pre-Answer Resp. at 5.

Mr. Campos then filed the Application before the Court, which was received on December 14, 2011.

In the Application, Mr. Campos asserts three claims for relief:

> (1) He was provided ineffective assistance of counsel because counsel failed to request a medical expert who could testify regarding the effects of a head injury Mr. Campos received prior to the accident;
>
> (2) He was provided ineffective assistance of counsel because counsel failed to obtain an expert to testify regarding reconstruction of the accident scene;
>
> (3) He did not fully understand the state court proceedings because he was not provided with a translator that could speak his dialect.

Respondents concede, and the Court agrees, that the action is timely pursuant to 28 U.S.C. § 2244(d)(1). However, Respondents argue that all of Mr. Campos' claims are unexhausted in the state courts and are now procedurally defaulted.

## II.     Exhaustion and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. See *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. See

*Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts."  *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

"Generally speaking, [the Court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted).  Mr. Campos' *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage

of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Ineffective assistance of counsel, however, may establish cause excusing a procedural default.  *Jackson v. Shanks*, 143 F.3d 1313, 1319 (10th Cir. 1998).  An applicant, however, must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."  *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986).  A showing of a probability of actual innocence is required to meet the fundamental miscarriage of justice exception.  *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

Respondents argue that Mr. Campos' claims are unexhausted because Mr. Campos failed to present these claims during his direct appeal and his post-conviction review.  Pre-Answer Resp. at 10-12.  Respondents conclude that the claims now are procedurally barred because, under Colo. R. Crim. P. 35(c)(3)(VI) & (VII), the claims would be rejected as successive and an abuse of the process.  *Id.*

Upon review of Mr. Campos' opening briefs on direct appeal and post-conviction appeal, the Court finds that Mr. Campos failed to present Claim One (failure to provide a medical expert) and Claim Three (failure to provide a translator that could speak his dialect) to the state courts.  *See* Pre-Answer Resp. at Ex. M, Ex. Q.  Therefore, the Court finds that Mr. Campos failed to exhaust state court remedies for his first and third claims.

Moreover, with limited exceptions that are not applicable to these claims, the Colorado Rules of Criminal Procedure bar Mr. Campos from raising a claim in a post-conviction motion that could have been raised on direct appeal, or that was already

5

raised on post-conviction appeal. *See* Colo. R. Crim. P. 35(c)(3)(VI) ("The court shall deny any claim that was raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant"); Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"); *see also People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982) (stating that post-conviction review is not available to address under a recently contrived constitutional theory issues that were raised previously). Therefore, the Court finds that Mr. Campos has procedurally defaulted Claims One and Three.

Mr. Campos also has failed to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the failure to consider his claims will result in a fundamental miscarriage of justice. Claims One and Three, therefore, are procedurally barred from federal habeas review and must be dismissed.

With respect to Mr. Campos' second claim (failure to provide an expert to testify about accident reconstruction), the Court has reviewed his opening brief on post-conviction, and finds that Mr. Campos raised this claim in the state courts. On post-conviction review, Mr. Campos asserted that he received ineffective assistance of counsel because trial counsel failed to obtain an expert to testify regarding accident reconstruction. Pre-Answer Resp. at Ex. Q, p. 11-15. He further alluded to the fact that defense counsel may have been prevented from hiring an expert witness due to monetary constraints. *Id.* at 12, fn. 3. In the claim he raises in this Court, although inartfully worded, Mr. Campos presents the same allegations. He asserts "Defendant told counsel he wanted expert witness, was told no because of state budget so no

expert on reconstruction of accident." Application at 6.  Liberally construing his second claim, the Court finds that Mr. Campos asserts a claim of ineffective assistance of counsel for failure to procure expert testimony on accident reconstruction, which is the same claim that Mr. Campos raised on post-conviction appeal.  Accordingly, the Court finds that Mr. Campos' second claim has been exhausted in the state courts and is now ripe for federal habeas review.  Therefore, Respondents will be directed to file an Answer that fully addresses the merits of Mr. Campos' second claim.  Accordingly, it is

**ORDERED** that Claims One and Three are dismissed as procedurally barred, as set forth above.  It is

**FURTHER ORDERED** that within thirty (30) days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of exhausted Claim Two.  It is

**FURTHER ORDERED** that within thirty (30) days of the filing of the answer Applicant may file a reply, if he desires.

DATED at Denver, Colorado, this   23rd   day of    February    , 2012.

BY THE COURT:

　　　s/Lewis T. Babcock　　　　
LEWIS T. BABCOCK
United States District Judge